IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| OMINICKA HILL, | : | CASE NO.: 5:16-cv-02957-SL |
| | : | |
| Plaintiff, | : | JUDGE SARA LIOI |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | KATHLEEN BURKE |
| | : | |
| UNIVERSAL FIDELITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12, Defendants move this Court for dismissal of Counts II and III of Plaintiff's Complaint. These Counts fail to state claims upon which relief can be granted. A Memorandum in Support is attached and incorporated herein.

Respectfully submitted,

/s/ Jay McKirahan
Jay F. McKirahan (0003223)
Michele A. Shuster (0062500)
MAC MURRAY & SHUSTER, LLP
6530 West Campus Oval, Suite 210
New Albany, Ohio  43054
614-939-9955
614-939-9954 (Fax)
jmckirahan@mslawgroup.com
mshuster@mslawgroup.com
Attorneys for Defendants

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

In her Complaint, Plaintiff asserts three claims: 1) violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), 2) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and 3) violation of Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq.* ("CSPA"). As demonstrated below, Counts II and III fail to state claims upon which relief can be granted. Each claim was filed beyond the applicable statute of limitations.

II. **LAW AND ARGUMENT**

    1. **Motion to Dismiss**

        A. **Standard of review**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F. 3d 635, 637 (7th Circuit 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently , "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In

reviewing the sufficiency of a complaint under the plausibility standards, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F. 3d 662, 665-6 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 3d. 574, 581 7th Cir. 2009)).

When ruling on a Rule 12(b)(6) motion, the court considers the "complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Cohen v. Am. Sec. Ins. Co.*, 735 F. 3d 601, 604 n.2 (7th Cir. 2013) (citing *Geinosky v. City of Chi.*, 675 F. 3d 743, 745-46 n. 1 (7th Cir. 2007)).

### III. PLAINTIFF'S CLAIMS WERE FILED OUTSIDE THE APPLICABLE STATUTE OF LIMITATIONS

Both of these causes of action must be dismissed for failure to file the same within the applicable statute of limitations. Paragraphs 8 through 10 of Plaintiff's Complaint base all of her claims on a June 13, 2014 event. The Complaint was filed December 9, 2016. Under the Federal Fair Debt Collection Practices Act, Plaintiff has one year within which to file from the date on which the violation occurs. See §15 U.S.C. §1695k(d). See also *Lewis v. ACB Bus. Servs.* 135 F. 3d 389 (cir. 1998), HN13 fn 12; *Mace v. Van Ru Credit Corp.* 109 F. 3d 338, 344 (7th Circuit, 1997). Therefore, Plaintiff would have had to file her FDCPA claim no later than June 13, 2015. The Complaint was filed well after the applicable statute of limitations had expired.

Likewise, Ohio's Consumer Sales Practices Act contains a statute of limitations which Plaintiff missed by a substantial period of time. Pursuant to Ohio Revised Code §1345.10(C), Plaintiff had two years within which to bring her damages claim for a violation of the CSPA.

Given the June 13, 2014 event, her claim must have been filed by June 13, 2016, six months prior to her December 9, 2016 filing.

## IV. CONCLUSION

Based on Plaintiff's own words in her Complaint and the applicable statutes of limitations, Counts II and III of Plaintiff's Complaint fail to state a claim upon which relief can be granted and should, therefore, be dismissed with prejudice.

                                                             Respectfully submitted,

                                                             /s/ Jay McKirahan
                                                             Jay F. McKirahan (0003223)
                                                             Michele A. Shuster (0062500)
                                                             MAC MURRAY & SHUSTER, LLP
                                                             6530 West Campus Oval, Suite 210
                                                             New Albany, Ohio  43054
                                                             614-939-9955
                                                             614-939-9954 (Fax)
                                                             jmckirahan@mslawgroup.com
                                                             mshuster@mslawgroup.com
                                                             Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed with the Court via the electronic filing system and served on Plaintiff, *pro se*, via electronic mail and/or regular U.S. Mail on this 24th day of July, 2017 at the following address:

Ominicka Hill
1251 Dean Court, #301
Kent, Ohio  44240
ominicka@gmail.com
Plaintiff Pro Se

/s/ Jay F. McKirahan
Jay F. McKirahan (0003223)
Michele A. Shuster (0062500)
Attorneys for Defendants