UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OMINICKA HILL, | ) | Case No. 5:16-cv-02957 |
| | ) | |
| Hill, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| UNIVERSAL FIDELITY, L.P., *et al.* | ) | KATHLEEN B. BURKE |
| | ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |

## I.      Introduction

This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[1]  In her Amended Complaint (Doc. 9), pro se Plaintiff Ominicka Hill ("Plaintiff" or "Hill") alleges that Defendant Universal Fidelity, L.P. ("Defendant" or "Universal Fidelity")[2] violated the TCPA when it called her cell number using an automatic telephone dialing system ("ATDS") or artificial or prerecorded voices without her prior express consent.  Universal Fidelity has filed a Motion for Summary Judgment (the "Motion"). Doc. 52.    Pursuant to the Court's Order of Reference (Doc. 5), the Motion is before the undersigned for a Report and Recommendation. The Motion has been fully briefed.[3]

---

[1] As described below, Hill earlier dismissed with prejudice all claims other than her TCPA claim.

[2] As set forth below, Hill previously named certain individuals as Defendants but later dismissed them without prejudice, leaving Universal Fidelity as the only Defendant.

[3] Hill's Opposition is Doc. 53.  Defendant's Reply is Doc. 55.

1

As is explained below, Hill has made admissions that, under Sixth Circuit case law, establish that her TCPA claim is barred because she consented to the calls made by Universal Fidelity to her cellphone.  Moreover, she has failed to present any admissible evidence to counter Defendant's evidence; thus, there is no genuine issue of material fact and Universal Fidelity is entitled to judgment as a matter of law.  Accordingly, the undersigned recommends that the Court **GRANT** Defendant Universal Fidelity's Motion for Summary Judgment (Doc. 52).

## II.     Factual Summary

This case stems from Defendant's attempt to collect a debt owed by an entity named Fabulous Lashes, LLC ("Fabulous Lashes").[4]  Doc. 9; Doc. 52-2, p. 1; Doc. 55-1.  The debt consisted of an amount overdrawn on an account opened in the name of Fabulous Lashes at Charter One/Citizens Bank.  Doc. 55-1, p. 2, ¶¶ 5-7; Doc. 55-2.  Charter One/Citizens Bank referred the debt to Defendant for collection and provided Defendant Hill's cell number.[5]  Doc. 55-1, p. 2, ¶¶ 7-8.  In its attempt to collect the debt, Defendant placed one or more calls to Hill's cell number; those calls are the basis for Hill's TCPA claim.  Doc. 9; Doc. 55-1, p. 2, ¶¶ 8-9.  As discussed below, Hill has failed to respond to requests for admission served on her by Defendant and that failure means that the matters she was asked to admit are conclusively established.  Hill's admissions include: that she was the 100% owner of Fabulous Lashes; that she opened the Charter One/Citizens Bank account; and that she provided her cell phone number to Charter One/Citizens Bank as a contact number to be called regarding any account held by her and/or by Fabulous Lashes. Doc. 52-2, pp. 1-3, Requests for Admission ("RFAs") 1, 4, and 9.

---

[4] This entity is also identified in documents and filings as The Fabulous Lashes, LLC.

[5] Plaintiff's cell phone number will not be specified herein.

### III.     Procedural Background

On December 9, 2016, Hill, acting pro se, filed a Complaint against Defendants Universal Fidelity and Scott Hearn ("Hearn") alleging violations of the TCPA, Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act ("OCSPA"). Doc. 1.  On April 20, 2017, Hill filed an Amended Complaint adding a new party defendant, Defendant Terry W. Simonds ("Simonds").  Doc. 9.  The Amended Complaint again alleged violations of the TCPA (Count I), FDCPA (Count II), and OCSPA (Count III).  Doc. 9.

On July 24, 2017, Defendants Universal Fidelity, Hearn and Simonds filed a motion to dismiss Counts II and III.  Doc. 24.  On August 17, 2017, after Hill retained counsel,[6] she filed a notice of dismissal with prejudice of Counts II and III (Doc. 26), mooting Defendants' motion to dismiss.  Thereafter, Hill's attorneys filed a motion to withdraw as counsel (Doc. 27), which was granted on September 7, 2017 (Doc. 31).  Hill was granted time to seek new counsel (Doc. 31) but did not obtain new counsel and has been proceeding pro se.  On October 27, 2017, the parties filed a stipulated notice of dismissal of all claims against Defendants Hearn and Simonds without prejudice.  Doc. 36.  Thus, Hill's sole remaining claim is Count I of the Amended Complaint and the sole remaining defendant is Universal Fidelity.

### IV.     Hill's TCPA Claim

In the Preliminary Statement portion of her Amended Complaint, Hill alleges that Defendant violated the TCPA by "repeatedly harassing [her] in attempts to collect alleged but nonexistent debt."  Doc. 9, p. 2, ¶ 3.  The Amended Complaint goes on to allege a single date on

---

[6] Attorneys Brian D. Flick and Marc E. Dann entered an appearance on behalf of Hill on August 8, 2017.  Doc. 25.

which Defendant called Hill, June 13, 2014.[7]  Hill alleges that, on that date, Defendant violated the TCPA in the following ways: "by leaving a recorded message using an automatic telephone dialing system or artificial or prerecorded voices on Plaintiff's personal cell phone"; "by calling Plaintiff's cell phone with no prior permission given by Plaintiff"; "by leaving a prerecorded message on Plaintiff[']s cell phone without express written consent"; and by calling her cell number, which is listed on the Federal Trade Commission's Do Not Call Registry.  Doc. 9, pp. 3-4, ¶¶ 9-11, 13.  Hill also alleges that she and Universal Fidelity "do not have an established business relationship within the meaning of 47 U.S.C. §227."  Doc. 9, p. 5, ¶ 16.  In her Amended Complaint, Hill seeks injunctive and monetary relief, including a request for $40,654.00 for the alleged improper call to a cell phone number listed on the NDNCR.  Doc. 9, pp. 4-5.

## V.    Defendant Universal Fidelity's Motion for Summary Judgment

### A.    Defendant's position

Universal Fidelity argues that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  Doc. 52, Doc. 55.  Universal Fidelity asserts that, because Hill failed to respond to its requests for admission that were served pursuant to Fed. R. Civ. P. 36, she is deemed to have admitted various matters, including that she provided prior express consent to be called by an automatic telephone dialing system ("ATDS") and/or prerecorded voice.  Doc. 52, Doc. 55.  Universal Fidelity argues that, in light of these admissions, it has a complete defense to Hill's TCPA claims.  Doc. 52, Doc. 55.

---

[7] In her Opposition, discussed below, Hill alleges that there were actually 306 calls.

4

Universal Fidelity also argues that, separate from Hill's admissions, summary judgment in its favor is appropriate because Hill has no evidence that Universal Fidelity used an autodialer to call her; Hill has no evidence to rebut the affidavit of Universal Fidelity; Hill voluntarily provided her cell phone number and thus gave prior express consent to receive collection calls; collection calls are not solicitations subject to the National Do-Not-Call Registry ("NDNCR"); and business calls are not subject to the NDNCR.  Doc. 55.  Universal Fidelity also argues that a private litigant cannot recover the $40,000.00 civil penalty that is available to the Federal Trade Commission under the TCPA.  Doc. 52.

In its Reply brief, Defendant challenges statements and filings made by Hill in connection with her Opposition to Defendant's motion for summary judgment.  Doc. 55, pp. 6-10.

**B.**     **Hill's position**

Hill contends that she is not in default with respect to Defendant's requests for admission. Doc. 53-1, p. 1.  She also argues that, if the Court finds she has admitted to providing prior express consent to be called, she revoked that consent.  Doc. 53-1, pp. 1-2.  With respect to her NDNCR claim, she asserts that the Do Not Call regulations apply to calls to registered cell phones, including business-to-business calls, and she argues that Defendant's violations were willful.  Doc. 53-1, p. 2.  Hill agrees that, as a private litigant, she is not entitled to recover civil monetary penalties available to the Federal Trade Commission.  Doc. 53-1, p. 7.

## VI.    Law and Analysis

### A.    Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.   The movant "bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986).  "Inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *Id.* at 587 (internal quotations and citations omitted).  However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  The non-moving party must present specific facts that demonstrate there is a genuine issue of material fact for trial.  *Matsushita,* 475 U.S. at 587.  "The 'mere possibility' of a factual dispute is not enough."  *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "A genuine issue for trial exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Muncie Power Products, Inc. v. United Technologies Automotive, Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 248).  Thus, for a Hill to avoid summary judgment against him, "there must be evidence on which a jury could reasonably find for the Hill." *Anderson*, 477 at 252.  Accordingly, in determining whether summary judgment is warranted, a judge generally asks "whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Id.* (emphasis in original) (internal citations omitted).

A verified complaint signed under penalty of perjury pursuant to 28 U.S.C. § 1746 has been found to carry "the same weight as would an affidavit for purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).  In contrast, a memorandum in opposition to a motion for summary judgment not made under oath has been deemed insufficient under Fed. R. Civ. P. 56 to controvert evidence.  *U.S. v. Ross*, 1996 WL 196777, * 2 (S.D. Ohio Jan. 29, 1996).

## B.    Requests for Admission

Under Fed. R. Civ. P. 36, a party may request admissions relating to "facts, the application of law to fact, or opinions about either;" and "the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1)(A)-(B).  The Federal Rules of Civil Procedure make clear in Fed. R. Civ. P. 36 that:

> *A matter is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection

7

> addressed to the matter and signed by the party or its attorney. . . [and] [a] matter admitted under this rule *is conclusively established unless* the court, *on motion*, permits the admission to be withdrawn or amended.

Fed. R. Civ. P. 36(a)(3) and (b) (emphasis supplied); *see also Goodson v. Brennan*, 688 Fed. Appx. 372, 375 (6th Cir. May 9, 2017) (unpublished) (finding that, under Fed. R. Civ. P. 36, "by never responding to [d]efendant's RFAs, or filing a motion for relief, [p]laintiff admitted and conclusively established as fact all statements therein[]"); *Sec'y United States of Labor v. Kwasny*, 853 F.3d 87, 91 (3rd Cir. 2017) ("Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established' under Federal Rule of Civil Procedure 36(b)."); *Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, 2010 U.S. Dist. LEXIS 118421, * 6-7 (N.D. Ohio Nov. 5, 2010); *Chao v. Meggitt*, 2006 WL 2252526, * 2 (N.D. Ohio Aug. 4, 2006); *Haun v. Humana Inc.*, 651 F. Supp. 120, 122 (W.D. Ky 1986).

"[C]onclusive admissions 'cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record.'" *Goodson*, 688 at 376 (internal citations omitted); *see also Haun*, 651 F. Supp. at 120 ("[M]atters inconsistent with admissions conclusively established under Rule 36 cannot be considered by the Court in ruling upon [a] [m]otion for [s]ummary [j]udgment."); *Chao*, 2006 WL 2252526, * 2 ("[A]n admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court.") (internal citations omitted).

On August 17, 2017, Defendant served requests for admissions upon Hill, through her then counsel of record. Doc. 52-3, p. 1, ¶¶ 3, 5. Hill does not contend that she did not receive Defendant's discovery requests. In her February 7, 2018, Opposition to the Motion, Hill denies being in default. Doc. 53-1, p. 1. She states she is responding to Defendant's discovery requests

8

in that filing.  Doc. 53, p. 1. As attachments to her Opposition, Hill includes what purport to be her responses to Defendant's RFAs (Doc. 53-7) and Interrogatories (Doc. 53-9).  The responses to the RFAs are neither dated nor signed.  Doc. 53-7, pp. 1-2.  The interrogatory responses include a sworn signature page dated February 7, 2018.  Doc. 53-9, p. 4.

Hill's "responses" to Defendant's RFAs attached to her Opposition are untimely; moreover, she has not sought permission to withdraw or amend the admissions she previously made when she failed to respond timely.  Even if she had sought permission to withdraw or amend her prior admissions, her belated responses would be a nullity since they are not signed as required by Fed. R. Civ. P. 36(a)(3).  Additionally, any request for permission to withdraw or amend her admissions would be without merit since Hill fails to provide any basis for allowing withdrawal or amendment.  Responses were due on September 18, 2017.[8]  On October 24, 2017, Defendant filed a Motion for Leave to File Motion for Summary Judgment, indicating that it believed that there were no genuine issues of material fact as to the sole remaining count because matters contained in Defendant's RFAs were deemed admitted and conclusively established based on Hill's failure to respond to those requests.  Doc. 34.  Thus, although Hill was put on notice in late October 2017 that Defendant intended to seek summary judgment based on her conclusively established admissions as a result of her failure to respond to the RFAs, it was not until February 7, 2018, in her Opposition to the Motion that Hill first attempted to respond to the RFAs.

---

[8] Answers were due within 30 days of service.  Fed. R. Civ. P. 36(a)(3).  The Requests for Admission were served on August 17, 2017.  Doc. 52-3, p. 1, ¶¶ 3, 5.  The thirtieth day was September 16, 2017, which was a Saturday.  Thus, Hill's answers to the Requests for Admission were due on September 18, 2017.  *See* Fed. R. Civ. P. 6(a)(1)(c) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Based on the foregoing, the undersigned finds that, under Fed. R. Civ. P. 36, the RFAs are admitted and those matters are conclusively established.

## C.     TCPA

### 1.  Alleged TCPA violation based on calls being placed with no prior express consent and/or with use of an ATDS or artificial or prerecorded voices

To prevail on a TCPA claim, a plaintiff must prove 4 elements: that she "1) received a call; 2) on a cellular line for which the called party is charged for the call or on a residential telephone line; 3) using ATDS equipment or an artificial prerecorded voice; and 4) made without prior consent and not for emergency purposes." *Reo v. Caribbean Cruise Line, Inc.*, 2016 U.S. Dist. LEXIS 35596, *9 (N.D. Ohio Mar. 18, 2016).

The prior consent issue in this case is governed by the Sixth Circuit's holding in *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338 (6th Cir. 2016).  The TCPA "makes it unlawful for any person to place a call 'using any automatic telephone dialing system or an artificial or prerecorded voice' to a cell phone number without obtaining the 'prior express consent of the called party." *Baisden*, 813 F.3d at 342 (citing 47 U.S.C. § 227(b)(1)(A)(iii)).

In *Baisden*, Consultant Anesthesiologists provided anesthesiology services to the plaintiffs during a hospital stay.  *Id.* at 340.  Consultant Anesthesiologists billed the plaintiffs for the services rendered and plaintiffs did not pay the bills.  *Id.*  Thereafter, Consultant Anesthesiologists transferred the delinquent accounts to defendant Credit Adjustments to collect debts.  *Id.*  The plaintiffs claimed that Credit Adjustments violated the TCPA by making debt collection calls to their cell phone numbers and using an automatic telephone dialing system and an artificial or prerecorded voice.  *Id.*  Credit Adjustments argued it did not violate the TCPA because the plaintiffs provided their cell phone numbers to the hospital where they received

10

medical care and thus gave their "prior express consent" to receive such calls. *Id.* Plaintiffs

countered that Credit Adjustments had violated the TCPA because they had never given their cell

phone numbers to Credit Adjustments or to Consultant Anesthesiologists, the creditor on whose

behalf Credit Adjustments was calling. *Id.* at 341. The district court granted summary judgment

to Credit Adjustments finding that plaintiffs had provided their "prior express consent" through

having provided their contact information to the hospital. *Id.* The plaintiffs appealed.

On appeal, the Sixth Circuit considered the meaning of "prior express consent" under the

TCPA and affirmed the district court's grant of summary judgment. *Baisden*, 813 F.3d at 342.

Recognizing that the Federal Communications Commission ("FCC") "has interpretive authority

over the TCPA . . . and its rulings shape the law in this area[,]" the court reviewed four FCC

rulings/orders setting forth the FCC's interpretation of "prior express consent" under the TCPA.

*Id.* at 342-344 (internal citations and quotations omitted and alterations in original omitted).

Those four rulings/orders were: *In the Matter of Rules & Regulations Implementing the Tel.*

*Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752 (1992) (the "*1992 Order*"); *In the Matter of Rules*

*& Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559 (2008) (the

"*2008 Ruling*"); *Matter of GroupMe, Inc./Skype Commc'ns S.A.R.L Petition for Expedited*

*Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 29

FCC Rcd. 3442 (2014) ("*GroupMe*"); and *In the Matter of Rules & Regulations Implementing*

*the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961 (2015) ("*2015 Order*"). *Id.* at 342-344.

In discussing the FCC rulings/orders, the court stated that the *2008 Ruling* held that "calls

placed by a debt collector . . . on behalf of a creditor . . . 'are treated as if the creditor itself

placed the call.'"  *Id.* at 343 (quoting the *2008 Ruling*).  Further, upon consideration of the FCC's rulings/orders, the court held that:

> [C]onsumers may give "prior express consent" under the FCC's interpretations of the TCPA when they provide a cell phone number to one entity as part of a commercial transaction, which then provides the number to another related entity from which the consumer incurs a debt that is part and parcel of the reason they gave the number in the first place.

*Baisden*, 813 at 346.

Universal Fidelity is entitled to summary judgment because Hill has failed to demonstrate a genuine issue of material fact sufficient to defeat the Motion.  The evidence demonstrates that Hill provided prior express consent within the meaning of the TCPA to be called on her cell phone by Universal Fidelity in connection with collection of the Charter One/Citizens Bank debt.

Initially, the undersigned notes that, in her Opposition, Hill argues that she received 306 telephone calls from Universal Fidelity in violation of the TCPA and NDNCR.  Doc. 53-1, p. 6.  In discussing the alleged 306 violations, Hill refers to a spreadsheet listing of phone calls ("spreadsheet") filed earlier in connection with a motion for reconsideration unrelated to the pending motion for summary judgment; notes she allegedly kept at or around the time of the alleged violations; and portions of a call log allegedly provided to her by her service provider.  Doc. 53-1, pp. 6-7.  Her Amended Complaint does not contain an allegation that she received 306 telephone calls in violation of the TCPA and NDNCR; rather, it alleges one call made on June 13, 2014.  Doc. 9, p. 3, ¶¶ 9-11.  Further, the records upon which Hill apparently relies to support the alleged 306 violations are unauthenticated and/or are self-created.

In her Amended Complaint, Hill does not identify the originating phone number from which Universal Fidelity allegedly called her.  On the spreadsheet two originating numbers are

12

listed - 216-245-0104 and 281-647-4155.  Doc. 44-1.  The (281) number is listed only once on the spreadsheet, i.e., only one call was allegedly made from that number.  Doc. 44-1, p. 7.  The affidavit of Scott Hearn, President of Universal Fidelity, filed in support of the Motion, states that only the 281-647-4155 number is associated with Universal Fidelity.  Doc. 52-7, p. 1, ¶¶ 5-6.  The other number – 216-245-0104 – is not associated with Universal Fidelity.  *Id.*  In an apparent response to Hearn's affidavit regarding the two phone numbers, Hill appears to argue that the (216) calls actually came from a different number that is associated with Defendant but were incorrectly listed by her phone service provider.  Doc. 53-1, p. 7.  Hill's arguments are speculative, contained in an unverified filing, unsupported by an affidavit, and/or are not presented in a form that would be admissible in evidence and therefore are insufficient to create a genuine issue of material fact as to whether Universal Fidelity is associated with calls from 216-245-0104.  *See Anderson*, 477 at 252 (indicating that, for a plaintiff to avoid summary judgment against her, "there must be evidence on which a jury could reasonably find for the plaintiff[]"); *see also Ross*, 1996 WL 196777, * 2 (finding that memorandum contra a motion for summary judgment that was not made under oath was insufficient under Fed. R. Civ. P. 56 to controvert evidence).  Since there is no genuine dispute that the 216-245-0104 telephone number is <u>not</u> associated with Universal Fidelity, Universal Fidelity is entitled to summary judgment with respect to the TCPA claim based on calls placed from 216-245-0104.

With respect to alleged violations based on call(s) placed from 281-647-4155, Hill's TCPA claim fails as well.  Based on matters conclusively established by her admissions to Defendant's RFAs, Hill is unable to demonstrate that any call from 281-647-4155 to her cell number was made without her prior express consent.  As discussed above, the Sixth Circuit in

13

*Baisden* considered the meaning of "prior express consent" under the TCPA.  In doing so, the court looked to FCC interpretative rulings/orders which indicate that "autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party."  *Baisden*, 813 F.3d at 342-343.  Also, "calls placed by a debt collector . . . on behalf of a creditor . . . 'are treated as if the creditor itself placed the call.'"  *Id.* at 343 (quoting the *2008 Ruling*).  And, under the TCPA, a caller may obtain the "consumer's prior express consent through an intermediary."  *Id.* (alterations in original omitted).

Hill's phone number called by Defendant is the same number Hill listed in the signature block of her Amended Complaint and is the only telephone number Hill used for her business, The Fabulous Lashes, LLC.  Doc. 52-2, p. 3 (RFAs 7-8).  Further, Hill

> [V]oluntarily provided the telephone number [number in original omitted here] to Charter One/Citizens Bank as a contact number to be called regarding any account(s) held by [Hill] and/or The Fabulous Lashes, LLC.

Doc. 52-3, p. 5 (RFA 9).  When calling the number that Hill voluntarily provided to Charter One/Citizens Bank, Universal Fidelity was attempting to collect a debt associated with the Charter One/Citizens Bank account opened in the name of Fabulous Lashes, LLC, an entity owned by Hill.  Doc. 52-2, pp. 1-2 (RFAs 1, 3-4); Doc. 55-1; Doc. 55-2.

Considering the foregoing and the FCC's interpretation of "prior express consent" under the TCPA, which has been adopted by the Sixth Circuit, the evidence demonstrates that Hill provided "prior express consent" within the meaning of the TCPA to be contacted at her cell number regarding any account she or The Fabulous Lashes, LLC held with Charter One/Citizens Bank.  *See Baisden*, 813 at 346.

14

Hill has failed to demonstrate a genuine issue of material fact sufficient to overcome the foregoing evidence demonstrating "prior express consent."   She submitted an affidavit in connection with her Opposition to the Motion, which states in part that "I have never given, nor have I ever had the opportunity to give my cellular number for any purpose [and] I specifically have never given 'prior express consent' to be contacted using a prerecorded message or artificial voice."  Doc. 53-8, p. 1, ¶ 3.   However, "conclusive admissions [such as those made by Hill when she failed to respond to Defendant's RFAs] 'cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record.'"  *Goodson*, 688 Fed. Appx. at 376 (internal citations omitted); *see also Haun*, 651 F. Supp. at 122 ("Matters admitted under Rule 36 are conclusively established."); *Chao*, 2006 WL 2252526, *2 ("[A]n admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court.").

Hill also submitted belated interrogatory responses with her Opposition.  Doc. 53-9. However, those responses cannot be used to contradict "conclusive admissions" at the summary judgment stage.  *Goodson*, *supra*; *see also Chao*, *supra*.  Additionally, the undersigned finds Hill's belated interrogatory responses to be evasive or disingenuous and possibly untruthful.  For example, although Hill's filings in this case list her street address in Kent, Ohio,[9] she objects to an interrogatory which asks if she lives or works at that address on the basis that the request is vague and ambiguous.  Doc. 53-9, p. 1 (Interrogatory 7).  Also, she denies being the statutory agent for Fabulous Lashes, LLC (Doc. 53-9, Interrogatory 13) despite the fact that records from

---

[9] Hill's precise street address will not be stated herein.

15

the Ohio Secretary of State's office show that Ominicka L. Hill of the same Kent, Ohio, address Hill has used in her filings in this case is the agent and/or incorporator of The Fabulous Lashes LLC.  Doc. 55-7.

Although she argues in her Opposition that, to the extent she is found to have provided her prior express consent to be called on her cell phone, she revoked that consent (Doc. 53-1, p. 1), she provides no evidentiary support for that argument.[10]

In summary, Hill's affidavit, belated interrogatory responses, and/or unsupported arguments are insufficient to contradict evidence showing "prior express consent" or any other matters conclusively established as a result of her failure to answer Defendant's RFAs.   Since Hill provided "prior express consent" to be called at her cell number in connection with the Charter One/Citizens Bank account opened in the name of Fabulous Lashes, she is unable to show a violation of the TCPA based on a call(s) placed to that number by Universal Fidelity in connection with a debt associated with that account.

Hill also alleges that Defendant violated the TCPA because Defendant's calls to her cell phone were placed using an ATDS or an artificial or prerecorded voice.  Since Hill provided prior express consent, it is not necessary to address her allegations about the use of an ATDS or an artificial or prerecorded voice.  However, even if they are considered, Hill's Amended Complaint and Opposition to the Motion contain only conclusory statements alleging that Universal Fidelity used an ATDS or prerecorded voices.  Doc. 9, pp. 3-4, ¶¶ 9, 13; Doc. 53-1, p.

---

[10] Defendant also counters any contention by Hill that she attempted to revoke consent in an August 4, 2014, debt validation request.  Doc. 55, pp. 12-14.  Although the undersigned does not read Hill's opposition brief to include such a contention, to the extent that she is relying upon the August 4, 2014, debt validation request letter attached to her opposition brief (Doc. 53-3) as a basis for asserting that she revoked consent, the undersigned finds nothing in that letter that shows a revocation of prior express consent to be called on her cell phone number.

16

5.  These conclusory statements, which are set forth in an unverified complaint and are unsupported by an affidavit or evidence that would be admissible at trial, are insufficient to defeat summary judgment.  *See Anderson*, 477 at 252; *see also Ross*, 1996 WL 196777, * 2.

Based on the foregoing, Universal Fidelity is entitled to summary judgment with respect to Hill's claim that Universal Fidelity violated the TCPA because she cannot demonstrate that she did not provide prior express consent.

### 2.  Alleged TCPA violation based on calling a number on the NDNCR

Hill also alleges that Universal Fidelity violated the TCPA by calling her cell phone number because it was registered on the NDNCR.  Doc. 9, p. 4, ¶ 13.  The regulations pertaining to the NDNCR are found at 47 C.F.R. § 64.1200(c)(2).   The NDNCR applies to telephone solicitations.  47 C.F.R. § 64.1200(c).   Under the regulation, "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]"  47 C.F.R. § 64.1200(f)(14).  Debt collection calls are not telephone solicitation calls.  *See Shupe v. JPMorgan Chase Bank NA*, 2014 U.S. Dist. LEXIS 34467, * 5-6 (D. Ariz. Mar. 17, 2014).  This case involves debt collection call(s), not solicitation calls.  Doc. 9, p. 2, ¶ 3; Doc. 55-1, p. 2, ¶¶ 7-8.  Accordingly, Universal Fidelity is entitled to summary judgment with respect to Hill's claim that Universal Fidelity violated the TCPA by calling a phone number registered on the NDNCR.

### VII.    Recommendation

For the foregoing reasons, the undersigned recommends that the Court **GRANT**

Defendant Universal Fidelity's Motion for Summary Judgment (Doc. 52).


Date: April 26, 2018                                              _____
                                                                 KATHLEEN B. BURKE
                                                                 U.S. MAGISTRATE JUDGE


### **OBJECTIONS**


Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir.
1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).